IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEBRA S. BRIGHAM,

    Plaintiff,

vs.

MICHAEL S. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

Case No.  CIV-S-09-2770-GGH

ORDER

        Defendant seeks dismissal[1] of the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction based on plaintiff's failure to appeal the Commissioner's denial of the initial determination on plaintiff's Supplemental Security Income claim under Title XVI.[2]  Plaintiff has filed an opposition, and also an amended complaint.  This motion was submitted for decision without oral argument.  Having reviewed the papers, the court now issues the following decision.

PROCEDURAL BACKGROUND

        On April 7, 2005, plaintiff  applied for Title XVI Supplemental Security Income ("SSI")

---

[1] Defendant amended his motion to dismiss on May 22, 2010.  (Dkt. # 14.)

[2] The complaint also contains a claim for Disability Insurance Benefits under Title II.

1

benefits. The claim was denied on May 9, 2005 based on failure to meet income and resource requirements. Plaintiff did not appeal this decision. (Ford Decl., ¶ 3(a).) On May 9, 2005, plaintiff applied for Title II Disability Insurance Benefits ("DIB"). This application was denied both initially and on reconsideration. Plaintiff did not appeal it further. (Id. at ¶ 3(b).) Plaintiff filed a new application for both SSI and DIB on August 18, 2006. (Id. at ¶ 3(c).) The SSI application was denied based on excess income. Plaintiff did not appeal this decision, but instead filed another application on March 12, 2007, which has not yet been decided. (Id., 3(e).) In October, 2009, plaintiff filed yet another SSI application which was granted and plaintiff was found disabled on October 27, 2009. (Id., ¶ 3(h).)

Plaintiff's 2006 DIB application caused her earlier May, 2005 application to be reopened. These Title II applications were denied on February 8, 2007. (Id., ¶ 3(d).) Plaintiff requested a hearing and thereafter the ALJ issued an adverse decision on her Title II applications. The Appeals Council then denied review and plaintiff filed this action . (Id., ¶ 3(f), (g).)

DISCUSSION

I. LEGAL STANDARD FOR MOTION TO DISMISS

On a Rule12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists. See, e.g., Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979). Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made. See, e.g., Crisp v. U.S., 966 F. Supp. 970, 971-72 (E.D. Cal. 1997).

First, if the motion attacks the complaint on its face, often referred to as a "facial attack," the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." Doe v. Schachter, 804 F. Supp. 53, 56 (N.D. Cal. 1992). Presuming its factual allegations to be true, the complaint must demonstrate that the court has either diversity jurisdiction or federal question jurisdiction. For diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendants must be residents of different states. For federal question

jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

Second, if the motion makes a "factual attack" on subject matter jurisdiction, often referred to as a "speaking motion," the court does not presume the factual allegations of the complaint to be true. Thornhill, 594 F.2d at 733. In a factual attack, defendant challenges the truth of the jurisdictional facts underlying the complaint. "Faced with a factual attack on subject matter jurisdiction, the trial court may proceed as it never could under Rule 12(b)(6). . . . No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quotations and citation omitted). The court may hear evidence such as declarations or testimony to resolve factual disputes. Id.; McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).[3]

"[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. U.S., 850 F.2d 558, 560 (9th Cir. 1988). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. Thomson v. Gaskill, 315 U.S. 442, 445, 62 S.Ct. 673, 675 (1942); Thornhill Publishing Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, plaintiff has the burden of proof in connection with the instant motion.

II. ANALYSIS

The Commissioner is correct in that the Social Security Act provides only for judicial

---

[3] If the jurisdictional issue is intertwined with the merits of the case, the trial court cannot determine the jurisdictional issue until such facts are appropriately resolved. See Roberts v. Corrothers, 812 F.2d 1173, 1177-78 (9th Cir.1987); see also Trentacosta v. Frontier Pac. Aircraft Indus., 8l3 F.2d 1553, 1558 (9th Cir. 1987) (summary judgment standard applied if motion determines facts where jurisdictional issue and merits are intertwined).

3

review of final decisions of the Commissioner of Social Security.  42. U.S.C. § 405(g).  Section 405(g) requires a final judgment from the Secretary before seeking judicial review.  The Commissioner has promulgated regulations that define a "final decision."  Under these regulations, a claimant must follow a set procedure: (1) an initial decision in the state agency; (2) a request for reconsideration thereof; and (3) a request for a hearing before an Administrative Law Judge ("ALJ") for the Social Security Administration.  20 C.F.R. §§ 404.933, 416.1433.  Regardless of whether the ALJ grants the hearing, the claimant must take a fourth step and appeal the ALJ's decision to the Appeals Council.  A "final decision" of the Secretary results only if the Appeals Council grants the review and renders a decision in the case, or if the claimant makes a timely demand for review that is denied.  20 C.F.R. §§ 404.981, 416.1481; Heckler v. Day, 467 U.S. 104, 106-7 (1984).

Here, the initial complaint sought relief under both Titles II and XVI.  As plaintiff's Title XVI claim was not exhausted, defendant filed a motion to dismiss.  With her opposition to that motion, plaintiff also filed an amended complaint which now seeks only DIB benefits under Title II.[4]  As that claim is fully exhausted, the court has subject matter jurisdiction over this action.  Therefore, plaintiff's amended complaint has rendered the motion to dismiss unnecessary.

CONCLUSION

Accordingly, IT IS ORDERED that: Defendant's amended motion to dismiss, filed May 22, 2010, (dkt. # 14), is denied as unnecessary.  This action shall proceed on the first amended complaint.

Dated: 09/10/10                             /s/ Gregory G. Hollows

                                            _____
                                            GREGORY G. HOLLOWS
                                            United States Magistrate Judge

GGH:076/Brigham2770.mtd.wpd

---

[4] Any reference in the amended complaint to "disability benefits in general" are construed as referring to plaintiff's DIB claim under Title II only.